IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARNELL IVEN ADAMS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:16-CV-0101 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a prison disciplinary proceeding. For the following reasons, it the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>MUST</u>, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the Offender Information database maintained by the Texas Department of Criminal Justice reflects petitioner is incarcerated pursuant to April 5, 1991 convictions for burglary of a habitation and sexual assault out of Collin County, Texas, and the resultant life sentences assessed in those cases. *See State v.*

*Adams*, Nos. 199-80293-90 & 199-80320-91 (offenses committed November 6, 1989). In his habeas application, petitioner concedes he is <u>not</u> eligible for mandatory supervised release. *See* Question 16.

An inmate convicted of sexual assault may not be released to mandatory supervision. *See* Tex. Crim. Pro. art. 42.18 § 8(c)(4) (currently Tex. Gov't Code § 508.149(a)(6)). Consequently, due to the nature of an underlying conviction, petitioner is not eligible for mandatory supervised release. As a result of this ineligibility, petitioner cannot challenge the prison disciplinary adjudication by way of a federal petition for writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

Petitioner is also in respondent's custody under two (2) life sentences assessed as a result of his convictions for sexual assault and burglary of a habitation. Due to the nature of his underlying sentences of life imprisonment, petitioner is <u>factually ineligible</u> for mandatory supervision because a term of life imprisonment does not have a maximum term or discharge date other than death and it is not mathematically possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001). As petitioner will never be released to mandatory supervision due to his life sentence, he is factually <u>not</u> eligible for mandatory supervised release. As petitioner is factually not eligible for release to mandatory supervision because of his life sentences, he is not entitled to any federal habeas corpus relief. Consequently, petitioner's habeas application should also be DENIED on this basis.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DARNELL IVEN ADAMS be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___24th___ day of May 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).